FILED by CG D.C.

Dec 22, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **20-60159-CR-RUIZ/STRAUSS**

18 U.S.C. § 371
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

TIARA WALKER,

      **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities and Individuals

5. Utilization Review Pros LLC ("URP") was a Florida limited liability company with its registered principal address at 3310 Northwest 208th Street, Miami Gardens, Florida.

6. Defendant **TIARA WALKER**, a resident of Miami-Dade County, Florida, was the chief executive officer and registered agent of URP.

7. Bank 1 was a financial institution based in Fort Lee, New Jersey, that was insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

8. Bank Processor 1 was a third-party company processor, based in Redwood City, California, that processed PPP loan applications for Bank 1.

9. Damion McKenzie was a resident of Miami-Dade County, Florida.

10. Individual 1 was a resident of Broward County, Florida.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 371)

11. Paragraphs 1 through 10 of the General Allegations of this Information are realleged and incorporated by reference as though fully set forth herein.

12. From in or around May 2020, through in or around at least July 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### TIARA WALKER,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Individual 1, Damion McKenzie, and with others known and unknown to the United States Attorney, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

13. It was the purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

14. **TIARA WALKER**, Individual 1, Damion McKenzie, and other co-conspirators submitted and caused the submission of fraudulent PPP loan applications for URP and other entities, via interstate wire communications.

15. The PPP loan applications submitted by **TIARA WALKER**, Individual 1, Damion McKenzie, and other co-conspirators for URP and other entities, included falsified bank statements and payroll tax forms, among other things, and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

16. **TIARA WALKER** and other co-conspirators paid Individual 1, Damion McKenzie, and other co-conspirators kickbacks in exchange for facilitating and obtaining fraudulent PPP loans.

17. As a result of such false and fraudulent PPP loan applications, Bank 1 and other participating banks disbursed millions of dollars' in PPP loan proceeds, which were transferred to **TIARA WALKER**, Individual 1, Damion McKenzie, and other co-conspirators via interstate wire communications.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

18. On or about May 16, 2020, Individual 1 sent **TIARA WALKER** an email bearing a subject line of "941," attached to which were four PDF files that, respectively, contained one Internal Revenue Service ("IRS") Form 941 (titled, "Employer's Quarterly Federal Tax Return") for each quarter of calendar year 2019, and none of which were signed or dated.

19. On or about May 16, 2020, Individual 1 sent **TIARA WALKER** a text message that stated, "Date accordingly First q1 04/4/2019 Q2 07/03/019 Q3 10/05/2019 Q4 01/06/2020."

20. On or about May 16, 2020, **TIARA WALKER** sent Individual 1 an email bearing an empty subject line attached to which was one PDF file that contained, in a compilation, one IRS Form 941 Employer's Quarterly Federal Tax Return for each quarter of calendar year 2019, and each of which bore the signature of **TIARA WALKER** and was dated "4/4/2019," "7/13/2019," "10/5/2019," and "1/6/2020," respectively.

21. On or about May 16, 2020, **TIARA WALKER** sent Individual 1 a text message that stated, "I sent them."

22. On or about May 16, 2020, Individual 1 sent **TIARA WALKER** a text message that stated, "Looks good."

23. On or about May 17, 2020, **TIARA WALKER** electronically signed and initialed a "Paycheck Protection Program Borrower Application Form" on behalf of URP, which represented that URP had 12 employees and an average monthly payroll of $103,430.

24. On or about May 20, 2020, **TIARA WALKER** opened a new account at Truist Bank (formerly BB&T) ending in 5066 in the name of URP for which **TIARA WALKER** was the sole account signatory (the "Truist 5066 Account").

25. On or about May 20, 2020, **TIARA WALKER** transferred $258,575 to the Truist 5066 Account from an account at Truist (formerly BB&T) ending in 1675, which account had received the proceeds of a PPP loan from Bank 1 on May 19, 2020 in the amount of $258,575.

26. On or about May 20, 2020, **TIARA WALKER** caused a payment of $64,645 to be made from the Truist 5066 Account to Individual 1 via wire transfer.

27. On or about July 2, 2020, **TIARA WALKER** caused a payment of $45,000 to be made from the Truist 5066 Account to McKenzie via check number 1016.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

28. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **TIARA WALKER**, has an interest.

29. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

30. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to: approximately $28,940.87 formerly on deposit in account number 1100014085066 at Truist Bank (formerly BB&T) held in the name of Utilization Review Pros LLC.

31. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____ For:
DANIEL S. KAHN
ACTING CHIEF, FRAUD SECTION

_____
DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

_____ For:
PHILIP B. TROUT
TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO._____

v.

**TIARA WALKER**                  **CERTIFICATE OF TRIAL ATTORNEY\***

_____Defendant._____/  **Superseding Case Information:**

**Court Division**: (Select One)

| | | |
|---|---|---|
| \_\_ Miami | \_\_ Key West | |
| ✓ FTL | \_\_ WPB | \_\_ FTP |

| | Yes | No |
|---|---|---|
| New defendant(s) | \_\_\_\_ | \_\_\_\_ |
| Number of new defendants | \_\_\_\_ | |
| Total number of counts | \_\_\_\_ | |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _____
   List language and/or dialect   _____

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | ✓ | Petty | | \_\_\_\_ |
   | II | 6 to 10 days | \_\_\_\_ | Minor | | \_\_\_\_ |
   | III | 11 to 20 days | \_\_\_\_ | Misdem. | | \_\_\_\_ |
   | IV | 21 to 60 days | \_\_\_\_ | Felony | | X |
   | V | 61 days and over | \_\_\_\_ | | | |

6. Has this case previously been filed in this District Court?   (Yes or No)   _____
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes: Magistrate Case No.   20-MJ-03523
   Related miscellaneous numbers:   _____
   Defendant(s) in federal custody as of   _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the District of   _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes \_\_\_\_   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes \_\_\_\_   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes \_\_\_\_   No ✓

_____
DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY
Court ID A5502260

\*Penalty Sheet(s) attached                                     REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: TIARA WALKER**

**Case No.** _____

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeiture that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>TIARA WALKER<br>_____<br>*Defendant* | )<br>)  Case No. 20-MJ-3523<br>)<br>)<br>) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 12/14/2020

*Defendant's signature*

12-18-20
*Signature of defendant's attorney*

Peter Patanzo, Esq.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*