UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-60159-RAR

UNITED STATES OF AMERICA

vs.

TIARA WALKER,

Defendant.

_____/

## FACTUAL PROFFER

The United States of America (the "United States") and Defendant Tiara Walker (the "Defendant") agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in the Southern District of Florida and elsewhere:

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly

payroll expenses; and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

A PPP loan application was processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies.  While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

From in or around May 2020, and continuing through in or around at least July 2020, the Defendant knowingly and willfully agreed and conspired with Individual 1, Damion McKenzie ("McKenzie"), and others, to obtain by fraud a PPP loan on behalf of Utilization Review Pros LLC ("URP"), a Florida limited liability company that the Defendant established effective August 28, 2019.  The Defendant was the Chief Executive Officer ("CEO") and registered agent of URP.

In furtherance of the conspiracy, and to accomplish its object and purpose, the Defendant caused the submission of a PPP loan application on behalf of URP to Bank 1 through Bank Processor 1 that the Defendant knew contained materially false and fraudulent representations, including both the number of employees that URP had during each quarter of 2019 and the amount

2

of wages paid by URP during each quarter of 2019. Specifically, on May 16, 2020, the Defendant signed and dated four (4) Internal Revenue Service ("IRS") Forms 941 (titled, "Employer's Quarterly Federal Tax Returns"), that is, one for each quarter of 2019 (collectively, the "Forms 941"), each of which falsely represented that URP had 12 employees and paid $310,290.60 in quarterly wages, tips, and other compensation, during each quarter of 2019.

After signing and dating the Forms 941, the Defendant sent, via interstate wire communications, the Forms 941 to Individual 1 knowing that Individual 1 would use the Forms 941 and falsified information contained therein to apply for a PPP loan for URP. Furthermore, on May 17, 2020, the Defendant used interstate wire communications to electronically sign, via DocuSign, a "Paycheck Protection Program Borrower Application Form" (the "PPP Loan Application Form") on behalf of URP, which falsely represented that URP had 12 employees and an average monthly payroll of $103,430. When the Defendant signed the PPP Loan Application Form, she knew that URP did not have 12 employees and did not have $103,430 of monthly payroll, and the Defendant further knew that she and her co-conspirators were using the falsified information contained therein to apply for a PPP loan for URP.

As a result of the knowing and willful false and fraudulent representations made by the Defendant and her co-conspirators, Bank Processor 1 approved a PPP loan for URP in the amount of $258,575, which Bank 1 funded by making an electronic wire transfer in that amount to a checking account at Bank 2 in the name of URP for which the Defendant was the sole account signatory. Thereafter, the Defendant caused the payment of kickbacks to Individual 1 in the amount of $64,645, via wire transfer, and to McKenzie in the amount of $45,000, via check. On May 20, 2020, the Defendant wire transferred $258,575 from the checking account at Bank 2 account number 1100014085066 at Truist Bank (formerly BB&T) held in the name of Utilization

Review Pros LLC (the "Subject Account"). On or about September 21, 2020, approximately $28,940.87 formerly on deposit was seized from the Subject Account. The $28,940.87 seized from the Subject Account represents the proceeds of the offense to which the Defendant is pleading guilty.

The parties agree that these facts, which do not include all facts known to the United States and the Defendant, are sufficient to prove Count 1 of the Information.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3/22/2021     By: _____
DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

DANIEL S. KAHN
ACTING CHIEF, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

Date: 3/22/2021     By: _____ FOR:
PHILIP B. TROUT
TRIAL ATTORNEY, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

Date: 12/14/2020     _____
PETER PATANZO, ESQ.
ATTORNEY FOR TIARA WALKER

Date: 12/14/2020     _____
TIARA WALKER
DEFENDANT

4